IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES CHRISTOPHER HAFFERKAMP**                                                                 **PLAINTIFF**

v.                                                          CIVIL NO. 1:21-cv-00153-TBM-RHWR

**COMMISSIONER OF SOCIAL SECURITY**                                                   **DEFENDANT**

## REPORT AND RECOMMENDATION

Plaintiff James Christopher Hafferkamp seeks judicial review of the Commissioner of Social Security's decision denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 405(g). Having reviewed Plaintiff's Brief [9], the Commissioner's Brief [11], the administrative record [7], and relevant law, it is recommended that the decision of the Commissioner be affirmed. Contrary to Plaintiff's sole assignment of error, the Administrative Law Judge ("ALJ") properly evaluated the opinion of consultative examining psychologist, Joanna McCraney, Ph.D.

### I. BACKGROUND

Plaintiff applied for Title II benefits on February 26, 2019, alleging disability beginning April 26, 2016, when he was 47 years of age, due to high blood pressure, vertigo, gout, bell's palsy, diabetes, and injuries to his bilateral shoulders, back, and neck. [7] at 14, 198. Plaintiff can communicate in English. He has a high school education and two years of vocational training for welding. [7] at 27, 50. He worked in the past as a hull welder. *Id.* The parties do not dispute that Plaintiff's earning

records show that he acquired sufficient quarters of coverage to remain insured under Title II through December 31, 2019.

Plaintiff's application was denied initially and upon reconsideration. He requested a hearing before an ALJ and agreed to a telephone hearing. *Id.* at 14, 35-65. Plaintiff was represented by counsel at the hearing and amended his alleged onset of disability date to February 26, 2019, the date of the filing of his application. *Id.* at 14, 39. Plaintiff and a vocational expert testified.

On June 29, 2020, the ALJ issued a decision finding that Plaintiff was not disabled within the definition of Title II from February 26, 2019, the date he filed his application, through December 31, 2019, the date he was last insured. The ALJ concluded that during this approxiately ten-month period, Plaintiff could not perform his past relevant work as a hull welder but was able to perform the requirements of representative occupations such as press machine operator, mailing machine operator, and bench assembler. *Id* at 27-28. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *Id.* at 5-9.

Plaintiff's appeal is limited to challenging the ALJ's mental residual functional capacity ("RFC") determination. Plaintiff argues that the mental RFC is not supported by substantial evidence because the ALJ failed to properly evaluate the opinion of consultative examining psychologist, Joanna McCraney, Ph.D. According to Plaintiff, the ALJ erred because she did not explain "why the full extent of Dr. McCraney's opinion was not adopted." [9] at 1, 5. The Commissioner counterargues

2

that the ALJ's mental RFC determination was not required to mirror Dr. McCraney's opinion, and the ALJ performed her duty of weighing the evidence to make a determination. [11] at 7-12.

## II. ANALYSIS

A. Standard of Review

The Court reviews the Commissioner's denial of Social Security benefits only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Salmond v. Berryhill*, 892 F.3d 812, 816-17 (5th Cir. 2018). The Court does not "reweigh the evidence in the record, try the issues *de novo,* or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision. *Salmond,* 892 F.3d at 817. "A decision is supported by substantial evidence if credible evidentiary choices or medical findings support the decision. Substantial evidence is more than a mere scintilla but less than a preponderance." *Id.* (citations and punctuation omitted).

"To determine whether a claimant is disabled, the Commissioner's analysis proceeds along five steps." *Webster v. Kijakazi,* 19 F.4th 715, 718 (2021); *see* 20 C.F.R. § 404.1520(a)(4). The Commissioner considers (1) whether the claimant is engaged in "substantial gainful activity," (2) the severity and duration of the claimant's impairments, (3) whether the claimant's impairment "meets or equals" one of the listings in the relevant regulations, (4) whether the claimant can still do "past relevant work," and (5) whether the impairment prevents the claimant from doing

3

any relevant work. *Id.* "The claimant bears the burden on the first four steps." *Webster,* 19 F.4th at 718. "If the claimant advances that far, the burden shifts to the Commissioner to 'prove the claimant's employability.'" *Id.*

The ALJ must articulate how persuasive he or she finds "all of the medical opinions" in a claimant's case record. 20 C.F.R. § 404.1520c(b). The five factors for determining the persuasiveness of a medical opinion are: supportability, consistency, relationship with the claimant, specialization, and other factors (*i.e.*, familiarity with other evidence in the claim or an understanding of Title II's evidentiary requirements). *Id.* § 404.1520c(b), (c). Supportability and consistency are the most important factors, and the ALJ "will explain how [her or she] considered the supportability and consistency factors for a medical source's medical opinions . . . . [The ALJ] "may, but [is] not required to, explain how [he or she] considered the" remaining factors. *Id.* § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." *Id.* § 404.1520c(c)(1). "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id.* § 404.1520c(c)(2).

A claimant's RFC is used at the fourth step to determine if he or she can still do past relevant work and at the fifth step to determine whether he or she can adjust to any other type of work. 20 C.F.R. § 404.1520(e). A claimant's RFC is evaluated by determining the most he or she can still do despite his or her physical and mental

limitations based on all relevant evidence in the record. 20 C.F.R. § 404.1520(a)(4), (e). "Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P (S.S.A. July 2, 1996).

B. <u>The Comprehensive Mental Status Evaluation by Joanna McCraney, Ph.D</u>

The ALJ found that Plaintiff had a severe impairment of generalized anxiety disorder. [7] at 16. She accommodated Plaintiff's "difficulty with concentration, memory, following instructions, remaining on task, interacting with others as well as irritability, anxiousness and fatigue" by limiting Plaintiff to "simple, routine, repetitive tasks, no interaction with the general public, only occasional interaction with co-workers, and no jobs which include performance of tandem tasks." *Id.* at 25.

Plaintiff asserts that the ALJ failed to properly evaluate the opinion of consultative examiner Joanna McCraney, Ph.D., who performed a comprehensive mental status evaluation of Plaintiff on July 13, 2019, within the adjudicatory period. [7] at 322-24, [9] at 5. Plaintiff maintains that "the ALJ constructed an incomplete mental RFC without any explanation for why the full extent of Dr. McCraney's opinion was not adopted." [9] at 5. More specifically, Plaintiff argues that the ALJ failed to address Dr. McCraney's opinion that Plaintiff is "unlikely to consistently function under the typical pressures of an 8-hour workday environment at this time without symptom exacerbation" and "the increased pressures of the typical 8-hour

day work environment would likely result in exacerbation of psychiatric symptomology." *Id.* at 7-8.

According to Plaintiff, "the entirety of the analysis performed in relation to the opinion of Dr. McCraney" was contained in the following paragraph of the ALJ's decision:

> The undersigned finds Dr. McCraney's opinions persuasive, as they are supported by her examination as well as supported and consistent with the other evidence. Specifically, continuing complaints of anxiety. Notably, the residual functional capacity adopted herein accommodates these limitations by precluding interaction with the public and tandem tasks with co-workers as well as limiting contact with co-workers to only occasional and limiting the claimant to simple, routine, repetitive tasks.

[7] at 26; [9] at 7.

The ALJ was not required to mirror the conclusions of Dr. McCraney. The RFC is an administrative finding, not a medical finding, and the sole responsibility of the ALJ to determine. *Taylor v. Astrue,* 706 F.3d 600, 602-03 (5th Cir. 2012); *Joseph-Jack v. Barnhart,* 80 F. App'x 317, 318 (5th Cir. 2003). Unlike Dr. McCraney, the ALJ had the ability to consider all the evidence, including the testimony of Plaintiff and the vocational expert.

Furthermore, a medical source's "[s]tatements that you are or are not disabled, blind, able to work, or able to perform regular or continuing work" are "[s]tatements on issues reserved to the Commissioner" which is "[e]vidence that is inherently neither valuable nor persuasive." *See* 20 C.F.R. § 404.1520b(c)(3). The ALJ was not required to provide any analysis about Dr. McCraney's statements about whether Plaintiff could work or perform regular and continuing work because these

statements do not qualify as medical opinions under 20 C.F.R. § 404.1513; *see Dye v. Comm'r of Soc. Sec.*, No. 5:20-CV-459-NPM, 2022 WL 970186, at *5 (M.D. Fla. Mar. 31, 2022) (finding physician's statements that claimant was "unable to work on a sustained basis" and that her "symptoms will significantly and consistently interfere with work performance and attendance" were "simply other ways of stating that [the claimant was] disabled or not able "to perform regular and continuing work.").

Even if they were not statements on issues reserved to the Commissioner, "[t]he ALJ does not need to comment on every piece of evidence, but only must build an accurate and logical bridge between the evidence and the final determination." *Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010). The ALJ traced the path of her reasoning, and her analysis of Dr. McCraney's opinion is not limited to one paragraph, as alleged by Plaintiff. Elsewhere in the decision, the ALJ explained that Dr. McCraney's report

> does not support a finding that the claimant's functioning is reduced below the functional level indicated in the residual functional capacity set forth above. During the examination, the claimant was pleasant and cooperative, alert and oriented and maintained good eye contact. The examiner, Joann[a] McCraney, Ph.D., noted that the claimant's social interaction skills were intact; he sat calmly and responded to questions appropriately. Thought processes were intact, as was verbal comprehension, and abstract thought was intact for interpretation of simple Proverbs. The claimant was able to maintain attention throughout the interview, concentration was unimpaired, but short-term and immediate memory was mildly impaired, and working memory was moderately impaired. (Exhibit C6F).

*Id.* at 24.

The ALJ observed that Dr. McCraney found Plaintiff's "attention and concentration . . . to be intact, he was able to maintain a conversational exchange

7

with the examiner, and stay on task long enough to complete the examination (Hearing testimony Exhibits C5E, and C6F)." *Id.* at 19. The ALJ noted that Dr. McCraney's examination "show[ed] that the claimant reported a history of irritability around others. However, treatment notes in the record show that claimant is generally described as cooperative with normal mood and affect and no reports of difficulty getting along with providers or staff (Exhibits C5E, C6F, C7F, and C9F)." [7] at 18-19.

The ALJ also compared Plaintiff's allegations to his testimony. Plaintiff "testified that he is able to perform some household chores, such as loading the dishwasher or sweeping, but performs them at his own pace. Additionally, during the hearing the claimant was able to provide information in sufficient detail about his prior work history, his impairments, symptoms and treatment." *Id.* at 18. The ALJ considered that Plaintiff "live[d] with his wife and two children ages sixteen and seventeen. He reported that he is generally on his own all day and is able to prepare food, perform some household chores like washing dishes and sweeping taking breaks as necessary." *Id.* at 20.

The ALJ appropriately fashioned a mental RFC based on the entire record. It was her responsibility alone to weigh the evidence, resolve conflicts in the evidence, and fashion an RFC consistent with the whole record. *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990). Substantial evidence supports the ALJ's conclusion that, during the adjudicatory period, Plaintiff had the mental RFC to perform simple, routine, repetitive tasks, with no interaction with the general public, only occasional

interaction with co-workers, and no jobs which include performance of tandem tasks. [7] at 25. Because the Commissioner's decision is supported by substantial evidence, it must be affirmed. *Martinez v. Chater,* 64 F.3d 172, 173 (5th Cir. 1995) ("If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed.").

## III.  RECOMMENDATION

The ALJ's June 29, 2020, decision should be affirmed, and Plaintiff's appeal dismissed with prejudice.

## IV.  NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy, any party may serve and file with the Clerk of Court written objections to this Report and Recommendation. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection. L.U.Civ.R. 72(a)(3).

A district judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous,

conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 6th day of June, 2022.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE