## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| **JAMES CHRISTOPHER HAFFERKAMP** | **PLAINTIFF** |
| v. | **CIVIL ACTION NO. 1:21-cv-153-TBM-BWR** |
| **COMMISSIONER OF SOCIAL SECURITY** | **DEFENDANT** |

## **MEMORANDUM OPINION AND ORDER**

James Hafferkamp is suing the Commissioner of Social Security for denying his Social Security Disability Benefits application. Specifically, Hafferkamp alleges that the administrative law judge who reviewed his application erred by not fully considering a consultative examining psychologist's report opining on Hafferkamp's social anxiety.

The Magistrate Judge in the case has issued a Report and Recommendation. [12] He found that the Commissioner's decision "should be affirmed, and [Hafferkamp's] appeal dismissed with prejudice." [12], p. 9. Hafferkamp filed a timely objection [13] to the Report and Recommendation. This Court has reviewed the objections, the recommendations, and the other filings in this case. Because the Report and Recommendation correctly analyzed the facts and law in this case, this Court adopts it.

### I. BACKGROUND AND PROCEDURAL HISTORY

Hafferkamp is a fifty-one-year-old former ship-building hull welder. [9], p. 2. He applied for Social Security Disability Benefits because he suffered from "high blood pressure, vertigo, gout, bell's palsy, diabetes, and injuries to his bilateral shoulders, back, and neck." [9], p. 1. His claim was evaluated by an administrative law judge (ALJ) appointed by the Commissioner. [7], p. 14.

The ALJ was tasked with determining if Hafferkamp was disabled as defined in the Social Security Act and regulations promulgated by the Commissioner. 20 C.F.R. § 404.1505. To determine if a claimant is disabled

> [an ALJ's] analysis proceeds along five steps. The [ALJ] considers (1) whether the claimant is engaged in "substantial gainful activity," (2) the severity and duration of the claimant's impairments, (3) whether the claimant's impairment "meets or equals" one of the listings in the relevant regulations, (4) whether the claimant can still do his "past relevant work," and (5) whether the impairment prevents the claimant from doing any relevant work.

*Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021) (internal citations omitted) (citing 20 C.F.R. § 404.1520(a)(4)). Part of the fifth step is developing the claimant's "residual functional capacity." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Residual functional capacity is "the most [an individual] can still do despite [his] limitations" from his impairments. 20 C.F.R. § 404.1545(a)(1).

Here, the ALJ reviewed Hafferkamp's voluminous medical records, including four opinions from medical doctors and two from psychologists. [7], pp. 25-26. Its analysis proceeded through all five steps. First, the ALJ determined that Hafferkamp was not engaging "in substantial gainful activity." [7], p. 16. Next, the ALJ found that Hafferkamp had several "severe impairments: obesity, degenerative joint disease in the bilateral shoulders, and generalized anxiety disorder[.]" [7], p. 16. Then, the ALJ found that Hafferkamp "did not have an impairment or combination of impairments" that met the medical severity requirements to automatically determine disability. [7], p. 18. The ALJ then reviewed Hafferkamp's past work history and determined Hafferkamp's residual functional capacity.

The ALJ concluded that Hafferkamp could not continue as a ship-building hull welder and "had the residual functional capacity to perform light work." [7], p. 19. This finding still allowed

for "stand[ing] or walk[ing] for thirty minutes to one hour at a time for up to 6 hours in an 8 hour work day, and . . . sit[ting] for comparable periods." *Id.* The ALJ concluded that Hafferkamp could "bend and stoop occasionally, never kneel or crouch[;] . . . carry ten pounds frequently and up to twenty pounds occasionally[;] . . . [and further] ha[d] no limitation in use of his hands." *Id.* The ALJ did state that Hafferkamp was limited, among other things, to "simple, routine, repetitive tasks with no interaction with the general public and only occasional interaction with but can be in close proximity to co-workers. [He] is limited to jobs with no performance of tandem tasks." *Id.* p. 19-20.

As noted above, the ALJ reviewed opinions from four medical doctors and two psychologists for this analysis. One psychologist's opinion, Dr. Joanna McCraney's, forms the basis of Hafferkamp's challenge.

McCraney opined that Hafferkamp's "social interaction skills, while they appear[ed] adequate, [had] been challenged in the past." [7], p. 324. She referenced an instance where Hafferkamp became "verbally aggressive and threaten[ed] his supervisor." *Id.* She also noted that Hafferkamp began struggling with anxiety "after . . . working at the same place for 25 years[.]" *Id.* This anxiety, along with his bevy of health problems, "resulted in his being unable to work further." *Id.* To this end, McCraney stated that Hafferkamp "appear[ed] to be unlikely to consistently function under the typical pressures of an 8-hour workday environment at this time without symptom exacerbation." *Id.* But, she did find that "[h]e could likely work independently and use good judgment." *Id.* She concluded her findings by observing that Hafferkamp "appear[ed] unlikely to interact consistently and predictably with supervisors, co-workers, and the

general public. The increased pressures of the typical 8-hour day work environment would likely result in exacerbation of psychiatric symptomology." *Id.*

The ALJ specifically cited Dr. McCraney's opinion in its residual function analysis. There the ALJ explained that it "considered the opinions of Joanna McCraney, Ph.D." [7], p. 26. After reiterating McCraney's findings, including "that [Hafferkamp] appeared cognitively capable of functioning in a workplace environment, . . . [;] that [Hafferkamp] was capable of learning one to two step instructions, [and that Hafferkamp] could likely work independently and use good judgment," the ALJ noted that McCraney believed Hafferkamp "appeared unlikely to interact consistently and predictably with supervisors, coworkers and the general public." *Id.* The ALJ concluded that McCraney's findings were "persuasive, as they are supported by her examination as well as supported and consistent with the other evidence." *Id.* Acknowledging McCraney's opinion regarding Hafferkamp's "continuing complaints of anxiety," the ALJ observed that "the residual functional capacity . . . accommodates these limitations by precluding interaction with the public and tandem tasks with co-workers as well as limiting contact with co-workers to only occasional and limiting the claimant to simple, routine, repetitive tasks." *Id.*

After determining Hafferkamp's residual functional capacity, the ALJ found that Hafferkamp could find relevant employment and "was not under a disability, as defined in the Social Security Act[.]" [7], p. 28. Hafferkamp subsequently appealed the decision to the Social Security Administration's Appeals Council which denied his appeal. [7], p. 5. Hafferkamp then filed his Complaint in this Court, asserting that the Commissioner had erred by upholding the ALJ's decision through the Appeals Council. Specifically, Hafferkamp argued that because the ALJ decision did not fully consider Dr. McCraney's opinion, it was not supported by substantial

evidence. *See Kneeland v. Berryhill*, 850 F.3d 749, 759 (5th Cir. 2017) (finding that rejecting a medical opinion "without explanation" results in a decision "not based on substantial evidence."); *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021) ("An ALJ usually cannot reject a medical opinion without some explanation.").

Hafferkamp conceded that "the ALJ appears to have considered Dr. McCraney's opinion regarding social limitation," but argued that the ALJ did "not comment on Dr. McCraney's opinion that [Hafferkamp] is 'unlikely to consistently function under the typical pressures of an 8-hour work day environment . . . without symptom exacerbation'" or comment on Dr. McCraney's opinion that "the increased pressures of the typical 8-hour day work environment would likely result in exacerbation of psychiatric symptomology." [9], pp. 7-8. The Commissioner opposed Hafferkamp's Complaint, and the Magistrate Judge entered a Report and Recommendation dismissing Hafferkamp's appeal with prejudice and affirming the Commissioner's decision. [12], p. 9.

Hafferkamp timely objected to the Report and Recommendation. [13], pp. 1-4. He again asserts that the residual functional capacity analysis was defective because it did not fully address Dr. McCraney's opinion.

## II. STANDARD OF REVIEW

This Court reviews specific objections to a magistrate judge's recommendation *de novo*. 28 U.S.C. § 636(b)(1). In the Social Security context this review is limited. "The federal courts review the Commissioner's denial of social security benefits only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citing

first *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); and then *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995)). "Substantial evidence requires at least, in a word, *evidence*. As the Supreme Court has said, an agency must provide 'more than a mere scintilla' for its decision." *Schofield v. Saul*, 950 F.3d 315, 320 (5th Cir. 2020) (internal citation omitted) (first citing and then quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019)).

### III. OBJECTIONS

Hafferkamp objects to the Magistrate Judge's determination that the ALJ fully addressed McCraney's decision. He argues that "the Magistrate Judge misinterprets Plaintiff's argument. Plaintiff does not argue that the ALJ was required to fully adopt the opinion of McCraney, but that the ALJ was required to articulate her findings in accordance with 20 C.F.R. § 404.1520c(b)." [13], p. 1. Specifically, Hafferkamp avers that "the ALJ failed to comment on the most relevant limitations opined by McCraney, which would have resulted in a finding of disability." [13], p. 1.

As noted above, Hafferkamp is correct that if an ALJ rejects a medical opinion without any explanation, the ALJ's decision cannot be "based on substantial evidence." *Kneeland*, 850 F.3d at 759. But, Hafferkamp's argument rests on a false distinction. He asserts that the ALJ considered one part of McCraney's opinion—"regarding [Hafferkamp's] social limitations"—but not a second part that "[t]he increased pressures of the typical 8-hour day . . . would likely result in exacerbation" of Hafferkamp's anxiety. But McCraney did not make separate findings on Hafferkamp's social anxiety and his ability to work. She made a single finding that because Hafferkamp's social anxiety was likely to continue that anxiety would affect his ability to work. [7], p. 324. The quoted sections from McCraney's opinion at pages three and four of this opinion demonstrate this. McCraney found that Hafferkamp "could likely work independently and use

good judgment," but that "he appears unlikely to interact consistently and predictably with supervisors, co-workers, and the general public. The increased pressures of the typical 8-hour day work environment would likely result in exacerbation of psychiatric symptomology." [7], p. 324.

Because McCraney made a singular finding, Hafferkamp's concession that "the ALJ appears to have considered Dr. McCraney's opinion regarding social limitations," defeats his case as well. [9], p. 7. Even without that concession though, the facts of this case verify the ALJ did fully evaluate McCraney's opinion. The ALJ specifically stated that McCraney's findings, including "continuing complaints of anxiety" had to be accommodated in whatever residual functional capacity determination it made. [7], p. 26. The quotations taken from the ALJ's opinion—again found at pages three and four of this opinion—demonstrate that the ALJ considered McCraney's opinion, agreed with McCraney's opinion, and incorporated McCraney's opinion into its decision. *See* [7], p. 26. In fact, the ALJ's conclusion that any job occupied by Hafferkamp could not involve "interaction with the public," "tandem tasks with co-workers," or require contact "with co-workers" explicitly demonstrates the significant weight the ALJ accorded McCraney's conclusions. [7], p. 26. Just as in *Webster*, "[c]ontrary to [Hafferkamp's] contentions, the ALJ incorporated these findings into [Hafferkamp's]" residual functional capacity. *Webster*, 19 F.4th at 719.

Because this is Hafferkamp's entire argument, he has failed to demonstrate that the ALJ's decision lacked substantial evidentiary support. This was all noted by the Magistrate Judge in its Report and Recommendation. [12], pp. 7-9. Thus, this Court overrules Hafferkamp's objection and adopts the Report and Recommendation of the Magistrate Judge.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Report and Recommendation [12] entered by United States Magistrate Judge Robert H. Walker,[1] on June 6, 2022, is ADOPTED. Hafferkamp's objection [13] is overruled.

IT IS FURTHER ORDERED AND ADJUDGED that the June 29, 2020, decision of the ALJ is AFFIRMED and Hafferkamp's appeal is DISMISSED WITH PREJUDICE.

THIS, the 22nd day of September, 2022.

                                                  TAYLOR B. McNEEL
                                           UNITED STATES DISTRICT JUDGE

---

[1] This Court notes that Judge Walker has retired and that Magistrate Judge Bradley W. Rath has since been assigned this case.